DA 06-0752

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 199N

JACK EUGENE PRAY,

　　　　Plaintiff and Respondent,

　　v.

JUDY LYNN JOHNSON,

　　　　Defendant and Appellant.

APPEAL FROM:　　District Court of the Fourth Judicial District,
　　　　　　　　In and For the County of Missoula, Cause No. DR 2002-411
　　　　　　　　Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Judy Lynn Johnson, (Pro Se), Clinton, Montana

　　　　For Respondent:

　　　　　　Raymond P. Tipp, Attorney at Law, Missoula, Montana

　　　　　　　　　　Submitted on Briefs:　July 25, 2007

　　　　　　　　　　　　Decided:　August 14, 2007

Filed:

　　　　_____
　　　　　　　　　　Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Judy Lynn Johnson, appearing *pro* se, appeals from the Fourth Judicial District Court's Order instructing the Sheriff of Missoula County to make, execute and deliver a quit-claim deed conveying to Respondent, Jack Pray, a one-half interest in a certain parcel of property in which she has sole legal interest.  We affirm.

¶3     In the underlying proceeding, Pray sought dissolution of a common law marriage from Johnson.  Johnson contends the parties were never married but acknowledges that the parties had two children together.  The Petition for Dissolution was filed in July 2002, and the parties proceeded to air their disputes regarding the children's placement and the disposition of their property.  In September 2005, the Standing Master determined as a matter of law that the parties had not entered into a common law marriage.  The Standing Master then addressed the property that Johnson owned and on which the couple's mutual residence was located, concluding that Johnson and the children from the relationship could remain on the property until the youngest child reached eighteen, but that Pray was entitled to receive an equitable one-half interest in the property as well as one-half of the associated debt.  The court then instructed Johnson to execute a deed of one-half interest to Pray by October 28,

2

2005, but she failed to do so. The District Court subsequently ordered Pray to pay his one-half of the debt before Johnson executed the deed.

¶4 After resolving a dispute as to the amount of debt, in June 2006 the court ordered Pray to pay Johnson $1,136.64 by cashiers check deposited with the Clerk of the District Court. The court also instructed Pray to deposit a quit-claim deed with the Clerk for Johnson's signature. Pray deposited the check and the quit-claim deed with the Clerk on June 15, 2006. After Johnson declined to pick up the check or execute the deed, the District Court issued an order instructing Johnson to present herself to the Clerk, take possession of the check, and execute the quit-claim deed by October 3, adding that failure to do so would result in the Sheriff executing the deed and delivering it to Pray. Presumably, Johnson did not perform as instructed, so the Sheriff executed the deed and delivered it to Pray. The Clerk's office then mailed the cashiers' check to Johnson via certified mail, return receipt requested; however, Johnson refused the letter and it was returned to the Clerk. Finally, the District Court entered an order advising Johnson that she could pick up the check, if she so desired, at the Clerk's office.

¶5 Johnson argues on appeal that she obtained "new evidence" that she attempted to present to the District Court but that the court failed to consider it. Johnson's *pro se* brief does not describe this "new evidence"; however, the record reflects that she filed a "Motion to Appeal" a District Court order on the grounds that a bystander had overheard a conversation between Johnson and Pray in which Pray agreed to allow Johnson to retain 100 percent ownership of the property in question. Pray responded to Johnson's "Motion to Appeal," noting that Johnson's motion was more appropriately considered a motion for

3

reconsideration of a previous court order. Pray explained that Johnson had previously moved for reconsideration of the same order and such motion had been denied. The District Court subsequently did not rule on Johnson's "Motion to Appeal."

¶6 This matter is complicated by the involvement of a Special Master who issued numerous significant orders, as well as orders having been issued by two district court judges. However, we are able to conclude from our review of the record that the District Court did not err in declining to review Johnson's new evidence as her request constituted an untimely attempt to amend a final order. Moreover, we conclude that the district court's Order concerning the deed and its distribution of the jointly-held property was equitable and proper.

¶7 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the record before us that District Court did not err in its disposition of this matter. Therefore, we affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JIM RICE

4